UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

LORI EHRLER                                    :
300 Woodduck Lane
Georgetown, KY  40324                          :        CASE NO.

         Plaintiff                             :        JUDGE:

vs.                                            :        MAGISTRATE JUDGE:

LIFE INSURANCE COMPANY OF
NORTH AMERICA                                  :
Cigna Legal
Attention:  Donna Gaudet                       :
Incoming Legal Coordinator
900 Cottage Grove Rd., B6LPA                   :
Hartford, CT  06152

                                               :        **COMPLAINT**
and
                                               :
GROUP LONG TERM DISABILITY
PLAN FOR EMPLOYEES OF TOYOTA :
MOTOR SALES, U.S.A., INC.
Plan Administrator                             :
Toyota Motor Sales, U.S.A., Inc.
19001 S. Western Avenue, NC21                  :
Torrance, CA  90501
                                               :

         Defendants                            :
_____

     Now comes the Plaintiff, Lori Ehrler, by and through counsel, and for her

Complaint hereby states as follows:

1

## JURISDICTION AND VENUE

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, the Plaintiff, Lori Ehrler, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Toyota Motor Sales, U.S.A., Inc. (hereinafter the "Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court.   This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2.      The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3.      Plaintiff, Lori Ehrler, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Toyota Motor Sales, U.S.A., Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4.     Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated, and she could no longer work.  Plaintiff is now disabled.  Venue is proper in the Eastern District of Kentucky because the agreement providing long-term disability benefits was breached in Scott County, Georgetown, Kentucky.

5.     At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1).  Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6.     The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Life Insurance Company of North America, a CIGNA company (hereinafter, "LINA").  The LINA insurance policy issued to Toyota Motor Sales, U.S.A., Inc. was delivered in the State of California at the time of Plaintiff's departure from work.  Toyota Motor Sales, U.S.A., is now in the State of Texas.

## STATEMENT OF FACTS

7.     Lori Ehrler was hired by Toyota Motor Sales, U.S.A., Inc. in May 1994 and worked as a Procurement Administrator, before having to leave work June 12, 2014. By August 2017, Plaintiff had undergone ten surgeries:  1) wrist surgeries in 1994 and June 2014; 2) sinus surgery in 1995; 2) ankle surgery in April 2015; 3) three bladder

surgeries; 4) eye surgery in 2016; 5) surgery on her right elbow in September 2016; and 6) surgery on the left wrist in August 2017.  Specific diagnoses impacting her ability to work include but are not limited to:  1) lateral epicondylitis of the right elbow; 2) primary osteoarthritis, left hand; 3) alternating esotropia with diplopia (double vision, crossing eye); 4) tendinitis in the left wrist; and 5) interstitial cystitis.

8.     The occupation of Procurement Administrator is classified as light in physical demand and skilled with an SVP of 7.

9.     Ms. Ehrler applied for short-term disability benefits upon her departure from work.  These benefits were approved and paid for the time period of June 12, 2014 through January 11, 2015.

10.    Long-term disability benefits began on June 12, 2015 and were paid for the inability to perform her "own occupation" until February 11, 2017.  LINA denied the remaining months of "own occupation" benefits by letter dated February 8, 2017.

11.    Plaintiff retained your undersigned to prepare and submit an appeal to the February 8, 2017, denial of benefits. Plaintiff's appeal was filed on October 5, 2017 and included an Independent Medical Examination, a vocational opinion report and updated medical records.

12.     In response to Plaintiff's appeal, LINA overturned its previous denial of "own occupation" benefits by letter dated December 29, 2017 and paid long-term disability benefits through January 5, 2018.

13.     The definition of disability for "any occupation" that Plaintiff must meet under the Toyota Motor Sales, U.S.A., Inc. policy, is as follows:   "...after Disability Benefits have been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, and solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings."

14.     Plaintiff's salary at Toyota Motor Sales, U.S.A., Inc. was $94,095.16 per year.  80% of this amount equals $75,276.13 per year, which is what Plaintiff would have to be capable of earning before being determined not disabled.

15.     During the appeal review for the "own occupation" benefits, LINA requested a file review through vendor MES.  MES hired Frank Polanco, M.D., a file review physician, to provide an opinion contrary to disability.  On December 28, 2017, Dr. Polanco, without examination, provided restrictions and limitations that included frequent walking, sitting and standing; occasional kneeling and crawling; occasional lifting and carrying up to 15 pounds and push and pull up to 35 pounds; and full-time work capacity is supported.  According to LINA, these restrictions and limitations did not support Plaintiff's ability to perform her "own occupation" but do support her ability to

5

perform "any occupation."  Dr. Polanco's report was the basis of LINA's January 5, 2018, denial of "any occupation" benefits.

16.     A Transferable Skills Analysis, using only Dr. Polanco's restrictions, concluded that Plaintiff would be able to perform only two skilled, sedentary occupations that would pay $75,000.00 per year.

17.     Plaintiff filed an appeal to the January 5, 2018, denial of benefits on August 3, 2018 which included updated medical records from multiple physicians and case law condemning the biased and non-independent opinions of Dr. Polanco in ERISA cases.

18.     LINA redenied the claim based on another medical file review completed by an Occupational Medicine physician who opined that Plaintiff would not be functionally limited from January 5, 2018 to the current time.  LINA issued its denial by letter dated October 5, 2018.

19.     This denial letter advised that Plaintiff had the option of filing a second voluntary appeal or filing suit under 502(a) of ERISA.  Plaintiff has chosen to file this action.

6

**FIRST CAUSE OF ACTION**
**CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**

20.     Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 19 of the Complaint.

21.     Defendant Plan and LINA failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. LINA and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

22.     Defendant LINA has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.  The conflict of interest effected the decision to deny benefits.  The conflict allowed LINA an overreliance on non-examining physicians' opinions.  The conflict of interest caused LINA to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

23.     While Defendant LINA may have the authority to make claims determinations under applicable law and the language of the Policy, LINA's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

7

24.     LINA renews the Toyota Motor Sales, U.S.A., Inc. long-term disability policy yearly.  Toyota Motor Sales, U.S.A., Inc. moved from Torrance, California to Plano, Texas in early 2017.  The long-term disability policy prior to 2017 was delivered in California which has a ban on discretionary language in insurance policies.  See California Insurance Code Section 10110.6.  The statute is not preempted by ERISA. Since 2017, the policy is renewed and delivered to Defendant in the State of Texas, which is also has a ban on discretionary language.  See 28 Tex. Admin Code 3.1201. This statute is also not preempted by ERISA.  See *Curtis v. Metlife,* Case No. 3:15-cv-2328, (NDTX, May 4, 2016, Judge Jane Boyle).

25.     As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review.  Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

26.     Plaintiff has established her disability pursuant to the terms of the plan and should be awarded benefits under the *de novo* standard of review.

27.     If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, LINA's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Hartford in the evaluation of evidence.  Standards applicable under ERISA,

including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by LINA and an examination of the record reveals that LINA's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

28.     LINA and the Plans have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts:  1) Defendants have ignored evidence supplied by Plaintiff which supports her disability; 2) Defendants relied upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, weakness, fatigue, and an inability to persist; and 4) Defendants have engaged in a selective review of evidence presented by the claimant.

29.     Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

30.     ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

31.     The disability Plan under which the Plaintiff Lori Ehrler was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

32.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

33.     The Plan Administrator, the Plan and LINA failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process.  See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Hartford offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

34.     Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable.  Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Lori Ehrler, prays for the following relief:

A.     That the Court enter judgment in Plaintiff Ehrler's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Ehrler in an amount equal to the contractual amount of benefits to which Ehrler is entitled;

B.     That the Court order the Defendants to pay Ehrler's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter

judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C.      That the Court declare Lori Ehrler's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Ehrler benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D.      That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g), after the filing of a Motion more fully establishing her entitlement to such fees; and

E.      That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 11th day of July, 2019

Respectfully submitted,

*/s/ Joseph P. McDonald*

_____

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Lori Ehrler

11